AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | OHIO (WESTERN DIVISION) |
|---|---|---|

DENNIS WELLS

**JUDGMENT IN A CIVIL CASE**

V.

Case Number: 1:04cv425

CITY OF MONTGOMERY, OHIO

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

    See attached Order entered by Magistrate Judge Timothy S Hogan granting plaintiff's motion for directed verdict and ordering injunctive relief and damages.

| 5/2/2006 | s/James Bonini |
|---|---|
| Date | Clerk |

s/Arthur Hill
(By) Deputy Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DENNIS WELLS, | Case No. 1:04CV425 |
| | J. Hogan |
| Plaintiff, | |
| v. | |
| | **ORDER GRANTING PLAINTIFF'S** |
| CITY OF MONTGOMERY, OHIO, | **MOTION FOR DIRECTED VERDICT** |
| | **AND ORDERING INJUNCTIVE** |
| | **RELIEF AND DAMAGES** |
| Defendant. | |

After considering all of the evidence in this case, the Court finds that the final decision of the City of Montgomery on who to promote to sergeant in 2004 was motivated, at least in part, by absences of Plaintiff that were protected by the FMLA. Therefore, the Court finds that the Plaintiff has met his burden of showing that the City of Montgomery unlawfully considered FMLA-protected absences as a motivating factor in making the 2004 decision on who to promote to the position of sergeant and the Court orders the following relief:

The current eligibility list will remain open with PO Wells listed as the first eligible until the next available appointment is open for the position of sergeant whether such opening occurs through attrition, promotion to a higher position, or expansion of the sergeant positions within the Department. At that time, PO Wells shall be appointed sergeant unless he cannot qualify at that time as a result of failing a physical examination or if he has been disciplined prior to the appointment. Disqualifying discipline shall be final disciplinary action which results in a suspension of more than three days or termination which has been finalized through the procedural process consistent with the Collective Bargaining Agreement then in effect between

the City of Montgomery and the Fraternal Order of Police Ohio Labor Council, Inc., or absent a valid Collective Bargaining Agreement, such disciplinary action has been finalized pursuant to the Rules and Laws governing the Civil Service Commission within the City of Montgomery. If disqualifying discipline has not been resolved to a final order through either of these processes, at such time as the promotion of Dennis Wells to sergeant shall become available, then the promotion to sergeant shall be stayed until such disciplinary action is finally resolved to determine if such disciplinary action disqualifies him from promotion.

At the time PO Wells is appointed sergeant, he shall receive seniority credit for the position retroactive to April 1, 2006. PO Wells shall be paid in accordance with the terms of the Collective Bargaining Agreement between the City of Montgomery and the FOP as a patrol officer until he is appointed sergeant, and according to the scale then in effect for the sergeant's position once the appointment is made.

Plaintiff is awarded a total of $30,000 for front pay, back pay and all other compensatory damages claimed. Attorneys' fees and costs are awarded to Plaintiff's counsel, Freking and Betz, in the amount of $115,475. Payment should be made to Plaintiff's counsel, Freking & Betz, within 21 days of entry of this Order.

IT IS SO ORDERED.

_____
Judge Timothy S. Hogan